IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD LEE KIRKPATRICK, <br> Movant, | :: <br> :: <br> :: | MOTION TO VACATE <br> 28 U.S.C. § 2255 |
| v. | :: <br> :: <br> :: | CRIMINAL ACTION NO. <br> 1:01-CR-229-CC-LTW |
| UNITED STATES OF AMERICA, <br> Respondent. | :: <br> :: | CIVIL ACTION NO. <br> 1:16-CV-1443-CC-LTW |

### FINAL REPORT AND RECOMMENDATION

Movant is a federal prisoner who, pro se, filed a motion under 28 U.S.C. § 2255 to vacate his sentence imposed in this case. (Doc. 95.)[1] Movant challenges the enhancement of his sentence under the Armed Career Criminal Act based on the U.S. Supreme Court's recent decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). (*Id.*)

This is Movant's second § 2255 motion. The Court denied his first motion, on the merits, in April 2004. (Doc. 74.) In 2012, Movant filed a motion for leave to file another § 2255 motion. (Doc. 78.) The Court denied that motion and informed Movant that he must obtain an order from the U.S. Court of Appeals for the Eleventh Circuit authorizing him to file another § 2255 motion. (Doc. 79.)

---

[1] All record citations are to criminal action number 1:06-cr-325-ODE-LTW.

There is no indication in the record that Movant has obtained permission from the court of appeals to file another § 2255 motion. As the Court previously told him, Movant must obtain permission from the court of appeals before filing another § 2255 motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h). This Court cannot grant such permission. *See id.* The Court lacks jurisdiction over Movant's current § 2255 motion. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition . . . the District Court never had jurisdiction to consider it in the first place.").

Accordingly, **IT IS RECOMMENDED** that Movant's motion to vacate sentence [95] be **DISMISSED** as a successive § 2255 motion over which the Court lacks jurisdiction and that case number 1:16-cv-1443-CC-LTW be **DISMISSED**. Discussion of a certificate of appealability ("COA") is unnecessary. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (holding that dismissal of habeas petition for lack of subject matter jurisdiction is not "a final order in a habeas corpus proceeding" within the meaning of the COA statute (quotation marks omitted)).

**SO RECOMMENDED** this 9 day of May, 2016.

Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

2

AO 72A
(Rev.8/82)